**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MISSION COAL WIND DOWN CO., LLC,

                    Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00302

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, and AMERICAN GUARANTEE
AND LIABILITY INSURANCE COMPANY,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Complaint* (Document 1), *Answer with Affirmative Defenses and Counterclaims of Defendant American Guarantee and Liability Insurance Company* (Document 10), *National Union's Answer and Affirmative Defenses to Mission Coal's Complaint and Counterclaim for Declaratory Relief* (Document 13), *First Amended Complaint* (Document 32), *The Insurer Defendants' Rule 12(c) Motion for, and Memorandum in Support of, Judgment on the Pleadings* (Document 40), the *Plaintiff Mission Coal Wind Down Co., LLC's Memorandum in Opposition to Insurers' Motion for Judgment on the Pleadings* (Document 47), *The Insurer Defendants' Reply Memorandum in Support of Their Rule 12(c) Motion for Judgment on the Pleadings* (Document 53), and all attendant documentation.  For the reasons stated herein, the Court finds that the motion for judgment on the pleadings must be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2020, the Plaintiff filed its complaint in this matter, and on August 28, 2020, filed its first amended complaint, alleging that the Defendants wrongfully denied claims for insurance coverage by asserting improper constructions of their insurance policies. In particular, the Plaintiff asserts that it has not been reimbursed for defense costs that were covered under insurance policies with National Union Fire Insurance Company of Pittsburg, Pennsylvania (National Union) and American Guarantee and Liability Insurance Company (AGLIC).

This action arose out of the underlying lawsuit, *Bluestone Mining Corp. v. Pinnacle Mining Co.*, 2:16-cv-06098. Bluestone Coal Corporation (Bluestone Coal) operated an underground coal mine in Wyoming County, West Virginia, called Mine No. 65. Pinnacle Mining Company (Pinnacle) operated an underground coal mine several hundred feet below Bluestone's Mine No. 65. Prior to December 22, 2015, Pinnacle operated as a subsidiary of Cliffs Natural Resources, Inc. (Cliffs), which later became Seneca North American Coal, LLC (SNAC). Cliffs was the parent company of Cliffs North American Coal, LLC (CNAC) and CNAC was the owner of Pinnacle. On December 22, 2015, Cliffs sold Pinnacle to Seneca Coal Resources, LLC (Seneca).

In 2013, Cliffs and Pinnacle worked to install a dewatering system in the Pinnacle Mine by installing a borehole shaft that connected the Pinnacle Mine to the surface. The borehole shaft was designed to enable Cliffs and Pinnacle to control water in the mine seam that was located below Mine No. 65 operated by Bluestone. Target Drilling, Inc. (Target) was hired under the supervision and approval of Cliffs and Pinnacle, as the principal drilling contractor on the project. During the course of drilling the borehole, they became aware that the drilling had penetrated one

or more underground aquifers or water sources.   As a result of the installation of the borehole shaft, Bluestone Mine No. 65 was closed due to uncontrollable flooding.

On July 7, 2016, Bluestone filed the *Bluestone* action against Pinnacle and Target for the damages arising out of the flooding and closure of Mine No. 65.   On March 23, 2017, Bluestone amended its complaint to include claims against Seneca, SNAC, and Cliffs, among others.   On January 31, 2018, Seneca Coal Resources, LLC, and Seminole Coal Resources, LLC, along with their wholly owned subsidiaries, were combined and consolidated to form Mission Coal Company, LLC.   The *Bluestone* action was resolved through a settlement on October 3, 2018.   Then, Mission Coal Company, LLC, filed for Chapter 11 bankruptcy on October 14, 2018.   The debtor in possession for Mission Coal Company, LLC, in the bankruptcy is Mission Coal Wind Down Co., LLC.   Mission Coal Wind Down Co., LLC, is the Plaintiff in the present action.

The complaint in this action asserts that Defendant National Union provided Cliffs with commercial general liability insurance coverage for the period of April 15, 2013 through April 15, 2015.   Further, it is asserted that the National Union Policy provided both Cliffs and Pinnacle with coverage for liabilities arising out of the *Bluestone* action.   Because all relevant Cliffs' assets were sold and transferred to the Plaintiff in exchange for assuming all of Cliffs liabilities, the Plaintiff argues that it was also transferred the rights of the insurance policy by operation of law and/or contract.   Moreover, it is asserted that Defendant National Union contributed toward the *Bluestone* settlement but failed to pay all outstanding defense costs.

The complaint also asserts that AGLIC provided Target with an umbrella liability insurance policy for the period of June 1, 2014 through June 1, 2015.   The Plaintiff asserts that, because the underlying Arch Insurance Company policy was exhausted, AGLIC's policy

providing coverage was triggered.   The AGLIC policy provided Pinnacle with coverage for liabilities arising out of the *Bluestone* action as an additional insured.   The Plaintiff asserts that those rights under the insurance policy were transferred to it by operation of law and/or contract because it acquired all the assets and liabilities of Seneca.   Moreover, it asserts that AGLIC assumed defense obligations and paid sums to settle the *Bluestone* action on Pinnacle's behalf but failed and refused to pay all outstanding defense fees.

Based on these allegations, the Plaintiff seeks damages against the Defendants for breach of contract regarding the duties to defend and indemnify, and for bad faith under the West Virginia Unfair Trade Practices Act, W. Va. Code 33-11-1, et seq.   Additionally, the Plaintiff is seeking declarations regarding the rights, duties, and liabilities of the Defendants under the insurance policies with respect to the underlying settled claims in the *Bluestone* action.

The Defendants filed the motion for judgment on the pleadings on October 9, 2020. Following an extension of time for response, the Plaintiff filed a response in opposition on November 13, 2020.   On December 11, 2020, the Defendants filed a reply following an extension of time to file.   The matter is ripe for consideration.

## STANDARD OF REVIEW

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).   "A Rule 12(c) motion tests only the legal sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact."   *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).   "As a general rule, '[w]hen considering a defendant's motion for judgment on the pleadings, the court must base its decision solely on

4

information obtained from the pleadings.'" *Hagy v. Equitable Production Co.*, 2:10-cv-01372, 2011 WL 3031124, at *2 (S.D. W. Va. July 22, 2011) (J., Goodwin) (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F.Supp.2d 758, 763-64 (M.D.N.C. 2004)).   As such, a motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr. Inc.*, 681 F.Supp.2d 694, 707 n.17 (S.D. W. Va. 2009) (J., Goodwin).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.   *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."   *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Iqbal,* 556 U.S. at 679.   Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'"   *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."   *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal,* 556 U.S. at 679.

A court may consider matters that are integral to the pleadings in determining a Rule 12(c) motion.   *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).   "A document is

6

integral to the complaint if the complaint relies heavily upon its terms and effect or if it has independent legal significance to the plaintiff's claims." *Loveless v. Huntington Bancshares Inc.*, 2:18-cv-01256, 2018 WL 5985686, at *2 (S.D. W. Va. Nov. 14, 2018) (quoting *Goines*, 822 F.3d at 166) (internal quotation marks omitted).   However, if "matters outside the pleadings are presented to and not excluded by the court[,]" then a district court should review a motion for judgment on pleadings under the same standard as a motion for summary judgment.   *Garner v. Astrue*, 436 Fed.Appx. 224, 225 (4th Cir. 2011) (quoting Fed. R. Civ. P. 12(d)).   That is, if matters outside the pleadings are considered, then the motion for judgment on the pleadings should be converted to one for summary judgment and may only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).   Rule 12(d) further provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."   Fed. R. Civ. P. 12(d).

## ARGUMENT

The Defendants argue that the Court should grant its motion for judgment on the pleadings because the Plaintiff, Mission Coal, has no rights under the applicable insurance policies and does not bring the lawsuit on behalf of any party with such rights.   Specifically, the Defendants argue that neither Mission Coal nor Seneca qualify as insureds under the applicable Cliffs insurance policy, the Arch/Target 2014 CGL Policy, or the AGLIC/Target XS Policy.

They argue, as a non-insured, the Plaintiff cannot obtain rights under a liability insurance policy simply by acquiring an insured company's assets or liabilities.   The first amended complaint contains no allegations that the Plaintiff merged with, or obtained a valid assignment from, any entity that qualifies as an insured under the policies.   Instead, the complaint states that the rights under the applicable insurance policies were transferred to Mission Coal by operation of law and/or contract.

The Defendants further argue that under applicable state law, insurance rights do not transfer by operation of law for liabilities that are assumed by contract, but instead must be transferred through a valid contractual assignment.   The Defendants claim that "[b]ecause Seneca acquired the Pinnacle Mine and related liabilities through a contract with Cliffs, it could have obtained related insurance rights only if Cliffs both had such rights in the first instance and assigned those rights to Seneca."   (Def. Mot. at 14.)    The Defendants assert that the December 22, 2015 Unit Purchase Agreement (UPA) between Cliffs, CLF Pinnoak LLC, and Seneca, which transferred ownership of the CNAC from CLF Pinnoak to Seneca in exchange for Seneca's assumption of the liabilities of CNAC, Pinnacle, and Oak Grove, among others, did not, however, transfer rights under the insurance policies to Seneca.

They argue, "even assuming that CLF Pinnoak could transfer the Cliffs and Target Policies or rights thereunder to Seneca, the UPA does not purport to do so."   (Def. Mot. at 8.)   Moreover, the Defendants argue that transfer of insurance rights under operation of law occurs only in three limited circumstances: merger, product-line successor, and general successor.   Therefore, they claim that coverage under the policies did not transfer to the Plaintiff by operation of law and/or contract.

The Plaintiff argues the Defendants have mischaracterized the relief sought in the complaint and claims the issue is not whether Mission Coal or Seneca have rights under the applicable policies.   Instead, the issue is that the Defendants failed to pay defense costs incurred on behalf of Pinnacle in the *Bluestone* action.   The Plaintiff argues that Pinnacle is a named insured under the National Union policies and is an additional insured under the AGLIC policy. The Plaintiff argues that it is entitled to the amounts owed because Pinnacle filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and assigned its rights to Mission Coal. Moreover, the Plaintiff argues that National Union represented to the Court in the *Bluestone* action that Pinnacle is a named insured under the policy.

The Plaintiff also argues that, pursuant to the UPA, the deal was structured as a stock purchase transaction rather than an asset purchase.   As a result, Pinnacle became a wholly owned subsidiary of Seneca, but otherwise retained its separate corporate existence, did not merge into a new company, and retained its rights to coverage under both the National Union and AGLIC insurance policies.   The Plaintiff argues that the cases cited by the Defendant are not applicable because they were resolved on summary judgment rather than judgment on the pleadings, involved transactions where only a line of business or part of a business were sold, and/or involved an asset purchase rather than a stock purchase.

The Plaintiff further argues that the duty to defend is broader than a duty to indemnify. Moreover, the Plaintiff argues that case law establishes that it has the right to the assignment from Pinnacle, and that insurance policy non-assignment clauses are unenforceable in this instance, where the injury occurred before the actual assignment.

In the reply, the Defendants argue that "[a]lthough Mission Coal now purports to seek recovery for Pinnacle's defense costs under the Policies based on an alleged assignment from Pinnacle, this theory is not pled in the First Amended Complaint." (Def. Reply at 3.) The Defendants further assert that the First Amended Complaint fails to allege that Pinnacle paid unreimbursed defense costs in the *Bluestone* action, or that Pinnacle assigned the right to recover such costs to Mission Coal. Thus, they contend, the motion for judgment on the pleadings should be granted in the Defendants' favor.

Counts I and II of the Defendants' counterclaims seek declarations that Mission Coal and Seneca do not qualify as insureds under the applicable policies. In its counterclaim, National Union avers that Mission Coal and Seneca are not covered under the policies because neither Mission Coal nor Seneca was a subsidiary, associated, affiliated, allied or acquired company or corporation of which Cliffs had more than 50% ownership interest in or exercised management or financial control over, or formed joint ventures with, Cliffs prior to the issuance of the Cliffs Policies, nor were they disclosed as such to National Union prior to the issuance of the Cliffs Policies, as provided in the policies. National Union appears, however, to concede that Pinnacle may be covered under the applicable policies.

AGLIC asserts in its counterclaim that neither Seneca nor Mission Coal is covered under the AGLIC Policy, because neither party has identified a written contract purporting to require Target to name Mission Coal or Seneca as an additional insured under the policy. Moreover, AGLIC states that Pinnacle has not identified a written contract that requires Target to name Pinnacle as an additional insured under the applicable policies. AGLIC notes that, "Pinnacle has, at times, referenced the April 16, 2013 Pinnacle/Target Purchase Order relative to the drilling

10

services Target performed in connection with Pinnacle's dewatering project at the Pinnacle Mine. The April 16, 2013 Pinnacle/Target Purchase Order, however, does not include any insuring requirements." (Document 10 at 39-40.) The Purchase Order does, however, reference Cliffs General Terms and Conditions, which requires Target to name Pinnacle as an additional insured. AGLIC states that the General Terms and Conditions is dated March 22, 2013, which is post-dated after the Purchase Order dated April 16, 2013. Thus, AGLIC posits that it was not bound by Cliffs General Terms and Conditions to name Pinnacle as an additional insured, since those terms only became effective after the Purchase Order. Finally, AGLIC claims that the policy does not provide coverage for Pinnacle because it was engaged in a joint venture with Seneca.

## DISCUSSION

After careful review of the Defendants' motion and the Plaintiff's response, the Court notes that many of the parties' arguments go well beyond what should be considered in analyzing a motion for judgment on the pleadings. Most of the parties' arguments concern and seek resolution on the merits of the case. The Court's focus will be if the factual allegations contained in the complaint and amended complaint are accepted as true, whether the Plaintiff pled a legally cognizable claim. In that vein, although the Plaintiff has submitted four declarations in support of its pleadings, the Court finds it inappropriate to consider them as they are outside of, and not integral to, the complaint.

Thus, the Court will not consider many of the parties' arguments and only two main arguments remain for the Court's consideration. First, the Defendants argue that in the complaint, the Plaintiff seeks to recover unreimbursed defense costs for Seneca and Mission Coal, which are noninsured entities, and does not sufficiently allege that it seeks to recover costs owed to the

11

insured, Pinnacle.   Second, the Defendants argue that the complaint fails to sufficiently state that Mission Coal was assigned the rights to recover outstanding defense costs that were owed to Pinnacle.

    *A.  Defense Costs Owed to Pinnacle*

    As an initial matter, this Court must determine whether the Plaintiff has sufficiently pled that it seeks to recover unreimbursed defense costs owed to Pinnacle.   The complaint clearly states that the sought-after defense costs are for coverage owed to Pinnacle under the policies.   For example, the amended complaint states,

> The National Union Policy provided Cliffs and ***Pinnacle*** with coverage for liabilities arising out of the *Bluestone* Action and as a result of the sale and transfer of all relevant Cliffs assets to Mission Coal, in return for assuming all Cliffs liabilities, Mission Coal was transferred the rights of the insurance policy by operation of law and/or contract.

(Amend. Compl. at ¶ 26 (emphasis added).)   The amended complaint further states that,

> The AGLIC Policy provided ***Pinnacle*** with coverage for liabilities arising out of the *Bluestone* Action as an additional insured.   As a result of Mission Coal acquiring all of the assets and liabilities of Seneca, as alleged above, Mission Coal was transferred the rights of the insurance policy by operation of law and/or contract for liabilities arising out of the *Bluestone* Action.   AGLIC paid sums to settle the *Bluestone* Action ***on Pinnacle's behalf***, and had assumed defense obligations.   However, AGLIC failed and refused to pay all the outstanding defense fees.

(Amend. Compl. at ¶ 27 (emphasis added).)

    For purpose of analyzing the motion for judgment on the pleadings, it is sufficient if the complaint sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief" that is "simple, concise, and direct."   Fed. R. Civ. P. 8(a)(2), (d)(1).   Given the

applicable standard and the allegations set forth above, the Court finds the Plaintiff has sufficiently pled that it is seeking reimbursement for defense costs incurred by Pinnacle.

   B.  *Mission Coal's Rights to Recover Defense Costs*

Next, the Court must determine whether the complaint sufficiently alleges that rights to recover defense costs owed to Pinnacle under the policies were assigned to Mission Coal.  As noted above, the complaint states that National Union owes defense costs to Mission Coal because, "as a result of the sale and transfer of all relevant Cliffs assets to Mission Coal, in return for assuming all Cliffs liabilities, Mission Coal was transferred the rights of the insurance policy by operation of law and/or contract."  (Amend. Compl. at ¶ 26.)  The complaint further states, "Under the AGLIC Policy, Mission Coal was transferred the rights of the insurance policy by operation of law and/or contract with respect to liability arising out of Pinnacle's operations." (Amend. Compl. ¶ 32.)

   Rights to recover money owed under an insurance contract are not contingent upon whether an entity qualifies as an insured under the policy, where the event giving rise to liability has already occurred.  Instead, the right to recover money, such as unreimbursed defense costs, turns on whether the right to recover that money was validly assigned.   "Under Pennsylvania law, an insurer may not limit an insured's ability to assign his or her rights under a policy after the occurrence of the event which gives rise to the insurer's liability."  *Viola v. Fireman's Fund Ins. Co.*, 965 F. Supp. 654, 658 (E. D. Pa. 1997).   Non-assignment clauses or other attempts to restrict an insured's right to assign its proceeds are rendered void when assigned *after* the loss has occurred.  *Id.*

13

Similarly, the Ohio Supreme Court has held that, where the covered loss has previously occurred, a duty to defend is unaffected by an anti-assignment provision in an insurance policy. *Pilkington*, 861 N.E.2d at 129. Generally, "assignment of coverage for preassignment occurrences" is permitted. *Elliott Co. v. Liberty Mut. Ins. Co.*, 434 F.Supp.2d 483, 491 (N.D. Ohio 2006), *on reconsideration*, 239 F.R.D. 479 (N.D. Ohio 2006). "The duty of defense is much broader than the duty of indemnification and can be invoked even though no liability is ultimately established." *Pilkington*, 861 N.E.2d at 128. "Few cases involve the transfer of a chose in action to a successor corporate entity solely by virtue of the succession. Most involve some form of de facto merger or other circumstance in which the original corporation is no longer in existence." *Id.* at 129.

The Defendants argue that the Plaintiff's complaint is insufficient because it failed to use the word "assignment" and instead states that rights to recover transferred to Mission Coal by operation of law and/or contract. For purposes of the pending motion, asserting that those rights transferred by operation of law and/or contract is sufficient to satisfy the Rule 8 pleading standard, which does not require "detailed factual allegations." *Iqbal,* 556 U.S. at 678 (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). A party may plead in the alternative, and a pleading is adequate if either of the alternative statements is sufficient to state a claim for relief. Fed. R. Civ. P. 8(d)(2). Assignment can reasonably be inferred from the use of the term "transferred." It is not necessary, in the pleadings, to elaborate upon the exact or specific details of how such rights were transferred. *Edwards*, 178 F.3d at 244.

Thus, the Court finds that the Plaintiff has sufficiently pled that it holds the rights to recover the defense costs that were owed to Pinnacle by the Defendants.   Accordingly, the motion for judgment on the pleadings should be denied.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *The Insurer Defendants' Rule 12(c) Motion for, and Memorandum in Support of, Judgment on the Pleadings* (Document 40) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      February 8, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA